UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AHMED H. NAMOURY, : | |
| : | |
| Plaintiff : | 3:04cv599 (WWE) |
| : | |
| v. : | |
| : | |
| ALFRED P. TIBBETTS; TIBBETTS : | |
| KEATING AND BUTLER, LLC; WINI : | |
| B. MOLA and WINI MOLA REALTORS, : | |
| LLC, : | |
| : | |
| Defendants. : | DECEMBER 16, 2005 |

RULING ON DEFENDANTS' MOTIONS TO DISMISS
AND PLAINTIFF'S MOTION FOR SANCTIONS

This action concerns allegations of legal malpractice and real estate brokerage malpractice arising out of the defendants Alfred P. Tibbetts, Tibbetts Keating & Butler, LLC; Wini Mola Realtors, LLC and Wini B. Mola's representation of the plaintiff Ahmed N. Namoury regarding a series of real estate transactions involving a conveyance of property owned by the plaintiff.  The plaintiff filed a ten-count complaint alleging, as to all the defendants, breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), as set forth in Conn. Gen. Stat. section 42-110b(a); as to the defendants Tibbetts and Tibbetts Keating & Butler, LLC, negligence/legal malpractice and, as to the defendants Wini Mola Realtors, LLC and Wini B. Mola, negligence/real estate brokerage malpractice.  In a ruling dated January 11, 2005, this Court dismissed the plaintiff's allegations of breach of the covenant of good faith and fair dealing

as against all the defendants and breach of CUTPA as against all the defendants. Thus, as it stands presently, the plaintiff's complaint contains allegations of breach of contract, breach of fiduciary duty and negligence/legal malpractice as to the defendants Tibbetts and Tibbetts Keating & Butler, LLC and allegations of breach of contract, breach of fiduciary duty and negligence/real estate malpractice as to the defendants Wini Mola Realtors, LLC and Wini B. Mola. The defendants Tibbetts and Tibbetts Keating & Butler, LLC now bring this second motion [Doc. #19] to dismiss on the grounds that the Court lacks jurisdiction over the subject matter of this lawsuit. The defendants Wini Mola Realtors, LLC and Wini B. Mola have filed their second motion to dismiss [Doc. #18], adopting the argument set forth by the Tibbetts defendants. Specifically, the defendants claim that the plaintiff's complaint does not provide the Court with the sufficient jurisdictional basis to maintain this action under either 28 U.S.C. section 1331 or 28 U.S.C. section 1332 in that the plaintiff has failed to establish that this case arises under federal law or that the matter in controversy exceeds the sum or value of seventy-five thousand dollars ("$75,000.00"). For the reasons that follow, the Court will deny the defendants' second motions to dismiss.

I.  BACKGROUND

Consistent with the standard of review for a motion to dismiss, the Court considers all of the factual allegations as true.

In early October 2001, the plaintiff entered into a transaction whereby he planned to sell a parcel of property located at 79 Valley View Drive, Stamford, Connecticut ("the property") to Nettie and Samuel Thomas ("the Thomases"). The plaintiff engaged Alfred P. Tibbetts ("Tibbetts"), a partner in the law firm of Tibbetts Keating & Butler, LLC, to represent him for

this sale. At all times relevant to this action, Tibbetts represented the plaintiff.

Wini Mola Realtors, LLC ("WMR") is a real estate brokerage and Wini B. Mola ("Mola") is the operative broker thereof. WMR and Mola acted as the real estate brokerage and broker, respectively, for the plaintiff's sale of the property to the Thomases. WMR and Mola brought the Thomases to the plaintiff for the their purchase of the plaintiff's property and were paid a brokerage fee of $37,000.00 for their services.

The purchase price of the property was $740,000.00 with the sum of $724,000.00 payable towards the purchase secured by a note and purchase money mortgage. The Thomases were the grantees/mortgagors and the plaintiff was the designated mortgagee. In addition to the note and mortgage, the Thomases paid $16,000.00 in cash to the plaintiff. Prior to the closing, in early July 2001, Tibbetts produced the Thomases' personal financial statement that indicated that they were able financially to purchase the property and to pay the note and mortgage pursuant to schedule.

Unbeknownst to the plaintiff, there were tax liens and other judgments against Nettie Thomas prior to and at the time of the closing, which took place in early October 2001. In mid-January 2002, Nettie Thomas died and Samuel Thomas, as survivor, assumed sole ownership of the property. However, prior to Nettie Thomas' death, the Thomases had filed individually for bankruptcy and both had tax liens and judgments filed against them. Upon Nettie Thomas' death, the liens against her became liens against the entire property. Thereafter, Samuel Thomas failed to make payments and defaulted on the mortgage. In July 2002, in lieu of foreclosure, Thomas reconveyed the property to the plaintiff, who then became the holder of the purchase money mortgage.

In late April 2003, the plaintiff sought to sell the property to another party. In order to provide the buyer with a title free of encumbrances, the plaintiff was required to pay off the lien then attached to the property. The amount of the lien was $54,565.26. Additionally, the broker's fee for the sale of the property was $38,425.00. The plaintiff ultimately sold the property for $768.500.00.

II.     DISCUSSION

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore et al., Moore's Federal Practice, paragraph 12.07, at 12-49 (2d ed. 1994). Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction. "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. After construing all ambiguities and drawing all inferences in a plaintiff's favor, a district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1)." Aurecchione v. Schoolman Transportation System, 426 F.3d 635, 638 (2d Cir. 2005).

In order to determine whether the amount in controversy requirement has been met, courts apply the legal "certainty test." Hough v. Merrill Lynch, Pierce, Fenner & Smith, 757 F. Supp. 283, 285 (S.D.N.Y. 1991), affirmed, 946 F. 2d 883 (2d Cir. 1991). The test provides that if it appears to a "legal certainty" that the amount at issue is really less than the jurisdictional minimum, the Court must dismiss the case. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

The defendants argue that this Court does not possess jurisdiction over this action as provided by 28 U.S.C. sections 1331 and 1332. They argue that the plaintiff's claims do not "arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. section 1331. They also assert that the matter in controversy does not exceed $75,000.00 as required by 28 U.S.C. section 1332.[1]

The plaintiff claims that by virtue of the breach of contract, breach of fiduciary duty and negligence/legal malpractice as to the defendants Tibbetts and Tibbetts Keating & Butler, LLC and the breach of contract, breach of fiduciary duty and negligence/real estate malpractice as to the defendants Wini Mola Realtors, LLC and Wini B. Mola, he is entitled to damages in the amount of $131,520.26. To the contrary, the defendants argue, without admitting to any liability, that the plaintiff's claims never exceeded and do not exceed $75,000.00 and, indeed, can only merit an award of $65,067.60, if any. The Court disagrees.

When making such a jurisdictional determination, the Court defers to the claim set forth in the pleadings. "In determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not on the validity of any asserted defenses." Ochoa v. Interbrew America, Inc., 999 F.2d 626, 629 (2d Cir. 1993). In keeping with the standard for a motion to dismiss, "the jurisdictional determination is to be made on the basis of the plaintiff's allegations, not on a decision on the merits." Zacharia v. Harbor Island Spa, 684 F.2d 199, 202 (2n Cir. 1982). When there is uncertainty regarding the amount of damages able to be recovered, "the doubt should be resolved in favor of the plaintiff's

---

[1] 28 U.S.C. section 1332 provides, in relevant part, that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

5

pleadings. The legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim. If the right of recovery is uncertain, the doubt should be resolved in favor of the subjective good faith of the plaintiff." Tangkook v. Shipton, 14 F.3d 781, 785-86 (2d Cir. 1994).

Here, the defendants consider, without accepting any liability, that the plaintiff's claim is based upon the losses incurred when the plaintiff took back the property sold to the Thomases, paid the tax lien and paid the broker's fee for the second transaction and the subsequent legal fee, an amount totaling $93,567.60. However, the defendants argue that since the plaintiff sold the property for a higher price in the second transaction, he must offset his losses by $28,500.00, the profit he gained by the second transaction. Applying this offset, the only amount the defendants possibly could be liable for, the defendants assert, would be $65,067.60.

The defendants' calculus, however, does not take into account the plaintiff's claims of breach of contract, breach of fiduciary duty, negligence/legal malpractice against the Tibbetts defendants and the breach of contract, breach of fiduciary duty and negligence/real estate malpractice against the Mola defendants in the *first* transaction. This transaction, not only the second transaction, is the subject of the plaintiff's surviving claims against all the defendants. The commission to Mola in the first transaction amounted to $37,000.00 and the legal fees were $547.50, equaling $37,547.50. Subtracting the plaintiff's claim for expenses ($405.00)[2], the amount of the plaintiff's claim for the first transaction equals $37,142.50. Adding to that the tax lien ($54,565.26), the broker's fee ($38,425.00) and legal fee ($577.50) incurred through the

---

[2] As the defendants correctly point out, any costs or interests the plaintiff claims are excluded from the determination of the amount in controversy by virtue of 28 U.S.C. section 1332.

second transaction, the plaintiff's claim would amount to $130,710.26. From this amount, the Court must subtract the profit the plaintiff made on the sale of the property ($28,500.00), leaving the amount of controversy at $102,210.26. Thus, the plaintiff's good faith claim far exceeds the $75,000.00 jurisdictional amount. Accordingly, the Court denies the defendants' motion to dismiss.

The Court finds that the defendants' second motions to dismiss were brought in good faith and, therefore, denies the plaintiff's motion for sanctions.

III.   CONCLUSION

For the foregoing reasons, the Court denies the defendants Alfred P. Tibbetts, Tibbetts Keating & Butler, LLC's second motion to dismiss [Doc. # 19] and the defendants Wini Mola Realtors, LLC and Wini B. Mola's second motion to dismiss [Doc. #18]. The Court also denies the plaintiff Ahmed H. Namoury's motion for sanctions [Doc. # 27].

SO ORDERED  this __16th___ day of December, 2005 at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge