UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AHMED M. NAMOURY : | |
| : | |
| V. : | Case No.: 3:04CV599 (WWE) |
| : | |
| ALFRED P. TIBBETTS, : | |
| TIBBETTS KEATING & BUTLER, : | |
| LLC, WINI B. MOLA, and WINI : | |
| MOLA REALTORS, LLC : | |

## RULING ON PLAINTIFF'S MOTION TO COMPEL [DOC. #32], THE TIBBETTS' MOTION FOR PROTECTIVE ORDER [DOC. #33], and MOLAS' MOTION FOR PROTECTIVE ORDER [Doc. #37]

In his complaint, plaintiff alleges legal malpractice and breach of fiduciary duty claims against the defendants. The claims arise out of a series of real estate transactions involving the conveyance of real property located in Stamford, Connecticut. Defendant Alfred P. Tibbetts, of Tibbetts, Keating & Butler, was the attorney hired by plaintiff to handle the real estate transaction. Defendant Wini B. Mola, of Wini Mola Realtors, LLC, was the real estate broker on the transaction.

On June 27, 2006, plaintiff took the deposition of defendant Tibbetts. During the deposition, plaintiff's counsel asked defendant Tibbetts a series of hypothetical questions concerning his knowledge of real estate practice and procedure. Defendant Tibbetts' counsel objected and instructed his client not to answer the questions. Defense counsel claimed that Attorney Tibbetts was being called as a fact witness, not an expert witness and, thus, the hypothetical questions were improper.

On September 5, 2006, plaintiff moved for an order compelling defendant Tibbetts, 1) to answer the questions that he was improperly instructed not to answer; 2) to resume defendant Tibbetts' deposition at defendants' expense; and 3) to grant reasonable expenses and attorney's fees incurred by plaintiff in bringing this motion to compel. [Doc. #32]. On September 25, 2006, defendants Tibbetts and Tibbetts Keating & Butler, LLC (the "Tibbetts' defendants"), filed an objection to the motion to compel and moved for a protective order. [Doc. #33]. In their objection/motion, the Tibbetts' defendants allege that, since defendant Tibbetts is a fact witness and not an expert witness, the hypothetical line of questioning by plaintiff's counsel was improper, constitutes bad faith, and is intended to harass and embarrass the deponent. Defs'. Memo. p. 2. The Tibbetts' defendants also argue that their counsel had "substantial justification" for instructing defendant Tibbetts not to answer the questions posed and, therefore, sanctions are not warranted. Id. at 6. Defendants Wini B. Mola and Wini Mola Realtors, LLC (the "Mola defendants"), also filed an objection to plaintiff's motion to compel and a motion for protective order [Doc. #37]. Plaintiff has stated his intent to take the deposition of defendant Mola in the future and has indicated that plaintiff's counsel will direct a line of hypothetical questions regarding real estate practices to defendant Mola. The Mola defendants base their objection/motion on the same grounds as the Tibbetts' defendants.

II. Discussion

In federal litigation, parties "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b). The information sought does not have to be admissible as long as it is likely to lead to the discovery of admissible evidence. Id. Generally, under the Federal Rules of Civil Procedure, there are only three circumstances in which counsel can direct a client not to answer questions posed at a deposition, namely 1) to preserve a privilege, 2) enforce a limitation ordered by the court, or 3) to present a motion under Rule 30(d)(4). Fed. R. Civ. P. 30(d)(1). Absent one of these exceptions, the testimony should be provided subject to objection. Id.

Rule 30(d)(4) provides that, "[a]t any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or such a manner as unreasonably to annoy, embarrass, or oppress," the court may order that the deposition cease or be limited in scope. Fed. R. Civ. P. 30(d)(4). "The party resisting discovery has the burden of supporting its position." Riddell Sports, Inc. v. Brooks, 158 F.R.D. 555, 558 (S.D.N.Y. 1994).

In both motions for protective orders, defendants argue that, since defendants Tibbetts and Mola are fact witnesses, hypothetical questions regarding real estate law and practices

3

are improper and outside the scope of Fed. R. Evid. 701.  This
argument is without merit.  As stated above, the Federal Rules of
Civil Procedure provide for limited circumstances in which a
deponent is allowed not to answer questions posed during a
deposition.  Absent a privilege-based objection or a previous
court order, counsel may only instruct a deponent not to testify
if the questions are made in bad faith or are posed to
unreasonably annoy, embarrass, or oppress the deponent.  All
other objections should be noted on the record, but the deponent
is still required to answer.

Here, there is no privilege objection or alleged violation
of a previous court order.  Defense counsel rely solely on Fed.
R. Civ. P. 30(d)(4).  However, this reliance is misplaced.  There
is no indication that the questions posed by plaintiff's counsel
were made in bad faith or in an attempt to annoy, embarrass, or
oppress defendant Tibbetts.  This case involves the quality of
defendant Tibbetts' legal representation of plaintiff in a real
estate transaction.  Deposition questions involving defendant
Tibbetts' knowledge of real estate law are certainly relevant to
the issues in this case.

This exact argument was presented in <u>Bristol-Myers Squibb
Co. v. Rhone-Poulenc Rorer, Inc.</u>, No. 95CV8833, 1998 WL 2829
(S.D.N.Y. 1998).  In <u>Bristol-Myers</u>, plaintiff noticed and
conducted the deposition of an attorney who filed one of the
patent applications at issue.  <u>Id.</u>  Defense counsel directed the
attorney not to answer the questions based on the fact that the

4

deponent was a fact witness and not an expert witness.  Id.  The court found that defense counsel's reliance on Fed. R. Evid. 602 was misplaced in light of the 1993 amendments to the Federal Rules of Civil Procedure, "which placed strict limitations on the circumstances in which it is proper to instruct a deponent not to answer questions posed during a deposition."  Id. at *3.  The court held that defense counsel's instructions not to answer certain questions based on the fact that the deponent was a fact witness and not an expert witness was "in error".  Id.  See also, Gould Investors, L.P. v. General Ins. Co. of Trieste & Venice, 133 F.R.D. 103 (S.D.N.Y. 1990) (it was improper for counsel to instruct fact witness electrician not to answer questions about his opinion regarding the cause of the fire); United States v. Ranney, 719 F.2d 1183, 1187-88 (1st Cir. 1983) (hypothetical questions about what certain investors would have done under certain circumstances allowed).

The Court finds that defense's counsel's instruction to defendant Tibbetts not to testify was in violation of the Federal Rules of Civil Procedure.  The proper procedure to follow would have been to note the objections for the record and seek to exclude the testimony at trial.

During the deposition, plaintiff's counsel urged defense counsel to read Fed. R. Civ. P. 30, and asked him to withdraw his instruction not to answer.  From the transcript provided, it appears defense counsel did not look at Rule 30 and, instead, relied on the fact that he thought the questions were in "bad

5

faith" due to the fact that defendant Tibbetts was a fact witness and not an expert witness. Depo. p. 24-32. Defense counsel argues that this constitutes "substantial justification" and, therefore, sanctions are not warranted. Fed. R. Civ. P. 37(c)(1) and (2). The hypothetical questions posed to defendant Tibbetts revolved around his knowledge of real estate law. The claims in this case pertain to defendant Tibbetts' representation of plaintiff in a real estate transaction. Defendant Tibbetts' knowledge of real estate law is clearly relevant to the issues presented. Based on the above, the Court finds that defendants' counsel's position was not "substantially justified." Plaintiff is entitled to recover the costs incurred in bringing the current motion to compel.

III. Conclusion

Based on the above, plaintiff's motion to compel [Doc. #32] is **granted**. It is hereby ordered that 1) defendant Tibbetts shall answer the questions that he was improperly instructed not to answer and 2) the deposition of defendant Tibbetts will resume at defendants' expense. However, the hypothetical questions posed by plaintiff's counsel at the continued deposition shall be limited in scope and shall only cover the areas of real estate law presented by the facts of this case. Plaintiff's counsel is also entitled to recover the costs incurred in bringing this motion. Plaintiff's counsel shall submit a bill for costs incurred to defendants' counsel within fourteen (14) days of

6

entry of this Ruling.  If defendants' counsel dispute the amount of costs, they shall file an objection with the court within ten (10) days of receipt of the bill.  Defendants' motions for protective orders [Docs. ## 33 and 37] are **denied** on the present record.

SO ORDERED at Bridgeport this 26th day of February, 2007.

\_\_\_\_/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE