UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AHMED M. NAMOURY : | |
| : | |
| V. : | Case No.: 3:04CV599 (WWE) |
| : | |
| ALFRED P. TIBBETTS, : | |
| TIBBETTS KEATING & BUTLER, : | |
| LLC, WINI B. MOLA, and WINI : | |
| MOLA REALTORS, LLC : | |

**RULING ON DEFENDANTS' OBJECTION**
**TO PLAINTIFF'S BILL OF COSTS**

On June 27, 2006, plaintiff took the deposition of defendant Tibbetts. During the deposition, plaintiff's counsel asked defendant Tibbetts a series of hypothetical questions concerning his knowledge of real estate practice and procedure. Defendant Tibbetts' counsel objected and instructed his client not to answer the questions. Defense counsel claimed that Attorney Tibbetts was being called as a fact witness, not an expert witness and, thus, the hypothetical questions were improper.

On September 5, 2006, plaintiff moved for an order compelling defendant Tibbetts to answer the deposition questions. On September 25, 2006, defendants Tibbetts and Tibbetts Keating & Butler, LLC (the "Tibbetts' defendants"), filed an objection to the motion to compel and moved for a protective order. [Doc. #33]. In their objection/motion, the Tibbetts' defendants alleged that, since defendant Tibbetts is a fact witness and not an expert witness, the hypothetical line of questioning by plaintiff's counsel was improper, constituted bad faith, and was intended to harass and embarrass the deponent. Defs'. Memo. p.

2. The Tibbetts' defendants also argued that their counsel had "substantial justification" for instructing defendant Tibbetts not to answer the questions posed and, therefore, sanctions were not warranted. Id. at 6.[1]

On February 27, 2007, plaintiff's motion to compel was granted and defendants' motions for protective orders were denied. [Doc. #42]. The Court ordered the parties to resume the deposition of Tibbetts at defendants' expense. However, the Court also limited the scope of the continued deposition to "the areas of real estate law presented by the facts of this case." Id. at p. 6. Plaintiff's counsel was awarded "the costs incurred in bringing [the] motion." Id.

On March 9, 2007, plaintiff submitted his Bill for Costs, requesting reimbursement for 11.4 hours of his and his partner's time at a rate of $400 per hour. Plaintiff's Bill for Costs also sought reimbursement for $697, the cost of a court reporter for Tibbetts' June, 2006, deposition. Defendants object to this Bill for Costs, alleging that the costs are unreasonable, excessive, and improper.

In support of his Bill for Costs, plaintiff makes two assumptions which he claims are "implicit" in the Order granting the motion to compel. First, plaintiff claims it is "implicit"

---

[1] Defendants Wini B. Mola and Wini Mola Realtors, LLC (the "Mola defendants"), also filed an objection to plaintiff's motion to compel and a motion for protective order [Doc. #37]. These defendants, however, have not objected to plaintiff's bill of costs.

in the Order that he is entitled to recover all costs incurred in bringing the motion to compel, including interoffice conferences held before, and after, the motion was heard. Pl's. Response, p. 1-3. Second, plaintiff alleges that it is "implicit" in the Order that Tibbetts was to pay the cost of the June, 2006, deposition transcript. Id. Plaintiff's assumptions are incorrect. The only "implicit" aspect of the Order relating to the recovery of expenses is that plaintiff's Bill for Costs be limited to a reasonable number of billable hours at a reasonable rate.

There are no scientific rules to govern the determination of a reasonable attorney's fee. Thus, a district court is afforded broad discretion in assessing a reasonable fee award. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); see also Lunday v. City of Albany, 42 F.3d 131, 133-34 (2d Cir. 1994). In federal court, this "reasonable" fee has been termed the "lodestar" figure. The "lodestar" figure is calculated by multiplying the number of hours reasonably expended in the litigation by a reasonable hourly rate. Hensely, 461 U.S. at 433; City of Detroit v. Grinnell Corp., 560 F.2d 1093, 1098 (2d Cir. 1977).

In determining the reasonable hourly rates, the Court must determine the "prevailing market rates for the type of services rendered, i.e. the fees that would be charged for similar work by attorneys of like skill in the area." Bristol Tech., Inc. v. Microsoft Corp., 127 F. Supp. 2d 64, 67 (D. Conn. 2000); City of

3

Detroit, 560 F.2d at 1098. "There is a strong presumption that the lodestar figure represents a reasonable fee." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1997).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437. The Court should exclude from the fee calculation hours that were not reasonably expended. Hensley, 461 U.S. at 434. Hours that are excessive, redundant, or otherwise unnecessary should be excluded from the lodestar calculation. Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998). "The task of determining a fair fee requires a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994) (remanding award of attorneys' fees and directing the magistrate judge to review critically counsel's time records). The Court must

> examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case . . . . In making this examination, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.

Gierlinger, 160 F.3d at 876 (quoting DiFilippo v. Morizio, 759 F.2d 231, 235-36 (2d Cir. 1985)).

Plaintiff has submitted a Bill for Costs incurred in filing the motion to compel which includes 11.40 billable hours at a

4

rate of $400 per hour and $697 in expenses, for a total of $5,257. The motion to compel filed by plaintiff contained only one issue -- whether defense counsel was correct in directing his client not to answer certain questions asked at his deposition. The motion was only ten pages in length, eight of which merely recited the factual backdrop. Based on the above standard, the Court finds that the number of hours billed by plaintiff's counsel is excessive and must be reduced. After a careful review of plaintiff's Bill for Costs, the Court allows reimbursement for the following adjusted entries:

| | | | |
|---|---|---|---|
| 1. | 6/26/00 | Legal Research | 1.0 hours |
| 2. | 8/7/06 | Draft Motion Papers | 1.5 hours |
| 3. | 8/28/06 | Revision to Motion Papers | .5 hours |
| 4. | 2/16/07 | Draft Letter to Mag Judge Fitzsimmons | .5 hours |
| 5. | 2/22/07 | Attendance at conference | 1.5 hours |
| 6. | 2/28/07 | Review of Order | .3 hours |

Thus, plaintiff is entitled to recover attorney's fees for 5.3 billable hours.

Next, the Court must determine a reasonable hourly rate. Plaintiff seeks an hourly rate of $400 per hour. Defendants argue that this rate is excessive.

Absent a showing of specialized expertise, an attorney who handles a case in Connecticut is subject to the prevailing market rates in Connecticut. City of Detroit, 560 F.2d at 1098. From

1996 to the present, courts in Connecticut have recognized reasonable attorney rates in varying amounts. See Evans v. State of Connecticut, 967 F. Supp. 673 (D. Conn. 1997) (in Title VII action, rates of $200 for attorney and $50 for law students/paralegals were reasonable); Wallace v. Fox, 7 F. Supp. 2d 132 (D. Conn. 1998) (in class action shareholder derivative suit, average rate of $300 to $375 was reasonable); Hardy v. Saliva Diagnostic Sys., Inc., 52 F. Supp. 2d 333 (D. Conn. 1999) (in breach of employment contract case, rates of $185 to $200 were reasonable); St. George v. Mak, No. 5:92CV587, 2000 WL 305249 (D. Conn. Feb. 15, 2000) (in § 1983 action, rates of $250 and $175 were not challenged as unreasonable); Evanauskas v. Strumpf, No. 3:00CV1106, 2001 WL 777477, at *23 (D. Conn. June 27, 2001) (in a Fair Debt Collections Act case, an attorney with "extensive experience" was entitled to $275 per hour); Petronella v. Acas, No. 3:02cv1047, 2004 WL 1688525 (D. Conn. Jan. 23, 2004) (in an interpleader action $225 was a reasonable rate which could be reduced to $113 after a deduction for travel time was made); Sony Electronics, Inc. v. Soundview Tech., 389 F. Supp. 2d 443, (D. Conn. 2005) (in complex trademark litigation, $400 is the highest rate Connecticut has allowed for an attorney with vast experience).

    Here, plaintiff's claims arise from a real estate transaction handled by the defendants. Real estate law, while specialized, does not always result in complex litigation. Based on the factual background, as described by the parties, there do

6

not appear to be any issues arising in this case which would required specialized knowledge or expertise. Additionally, the expenses for which plaintiff seeks reimbursement cover the filing of plaintiff's motion to compel. This motion presented one issue which was not complex or novel. The time and labor necessary to draft and argue the motion was minimal.

Of the 5.3 billable hours allowed by the Court, 3.8 of these hours were for work performed by Michael Greenspan. Plaintiff did not submit information regarding Michael Greenspan's experience or his curriculum vitae. However, based on Michael Greenspan's biography in Martindale-Hubbell, plaintiff's two attorneys have been evaluated as having similar experience and expertise. Accordingly, based the Court's years of practice and knowledge of rates charged generally within the District of Connecticut, the Court finds that a blended rate of $300 is a reasonable rate for plaintiff's attorneys.

Lastly, plaintiff seeks reimbursement in the amount of $697.00 for the cost of the transcript of Tibbetts' deposition which was conducted on June 27, 2006. While the Court ordered that the deposition should resume "at defendants' expense," the Court assumed that the deposition was concluded except for these questions and did not order defendants to pay the cost for the transcript. Therefore, the cost of this transcript must be excluded.

Based on the above, plaintiff is awarded fees for 5.3 hours at a billable rate of $300 per hour, for a total of $1,590.

SO ORDERED at Bridgeport this 17th day of April, 2007.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE